FARMER, J.,
concurring specially.
I concur in affirming the Agency’s refusal to issue a declaratory statement in this case. Petitioner himself has phrased the precise question he sought to have answered as: “The Petition asked ... whether Ch. 718 permitted the lobbying activities of Appellant’s POA.” He described this as a “simple question that DBPR was required to answer.”
The real legal query petitioner presented to the Agency was whether under § 718.111(2) and § 718.115 a Property Owners Association may engage in lobbying the Legislature to amend the condominium law through an organization of condominium associations. But as phrased, his particular query turns out to be meaningless individually but of some import to classes of general interests.
In truth the issue he raises is really whether Chapter 718 expressly forbids such lobbying activities by POAs.[1] Chapter 718 makes clear that it is not the only possible source of a POA’s right or power to engage in such lobbying. So merely asking the Agency whether § 718.111(2) and § 718.115 permit such activity could not yield any application of Chapter 718 affecting this owner’s actual situation.
Section 120.565 limits an Agency’s declaratory statements to the agency’s position on an issue raised by an individual petitioner in a particular set of facts, and bars an agency from using a declaratory statement to adopt broad agency policy or to provide statutory or rule interpretations that apply to an entire class of persons.[2] *406 It is plain to me that an Agency answer to the query posed here could have resulted only in an answer having no direct effect on petitioner personally. Instead it would have amounted to mere hypothetical statutory and constitutional interpretation having no affect on him personally or the activity he challenges.
For that reason, I join in affirming the Agency’s refusal to issue a declaratory statement.

. See § 718.111(2), Fla. Stat. (2008) ("The powers ... of the association include those set forth in this section and, except as expressly limited or restricted in this chapter, those set forth in the declaration and bylaws and chapters 607 and 617, as applicable” [e.s.]); Raines v. Palm Beach Leisureville Community Ass’n Inc., 413 So.2d 30 (Fla.1982) (condominium association derives its powers and duties from this chapter and from association’s declaration of restrictions and bylaws ).

. Regal Kitchens Inc. v. Fla. Dep’t of Revenue, 641 So.2d 158, 161-62 (Fla. 1st DCA 1994). Petitioner makes no claim to recover a pro rata amount of POA fees spent in such activities.